UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRY CHANDLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-CV-00245-NAB ) |
| KILOLO KIJAKAZI[1], Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

# MEMORANDUM AND ORDER

This case is before the Court on Commissioner Kilolo Kijakazi's ("the Commissioner's") Motion to Reverse and Remand the case to the Commissioner for further administrative action pursuant to sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). (Doc. 36). Plaintiff has no objection to the Commissioner's motion. (Doc. 32.) The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C.§ 636(c)(1). (Doc. 10).

On February 26, 2021, Plaintiff filed a Complaint seeking review of the Commissioner's decision that Plaintiff was not under a disability within the meaning of the Social Security Act. (Doc. 1). The Commissioner filed the transcript of the administrative proceedings on August 30, 2021. (Doc. 18). Plaintiff filed her brief in support of the Complaint on January 31, 2022. (Doc. 28.)

On March 28, 2022, the Commissioner filed the instant motion to reverse and remand the case to the Commissioner for further action under sentence four of section 205(g) of the Social Security Act, which permits the Court "to enter, upon the pleadings and transcript of the record, a judgment

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Commissioner represents in the motion that upon review of the record, agency counsel determined that remand was necessary for further evaluation of Plaintiff's claim. The Commissioner states that "[o]n remand, the Appeals Council will instruct the ALJ to fully evaluate the consistency of Plaintiff's subjective allegations of both mental and physical impairments; consider and articulate the persuasiveness of all medical opinions of record, pursuant to governing regulations; offer Plaintiff an opportunity for a new hearing; take any other necessary actions to complete the administrative record; and issue a new decision." (Doc. 31.)

Upon review of Plaintiff's Complaint, the ALJ's decision, and the Commissioner's motion, the Court agrees that this case should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).

Accordingly,

**IT IS HEREBY ORDERED** that the Commissioner's Motion to Reverse and Remand (Doc. 31) is **GRANTED**.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that decision of the Commissioner of Social Security is **REVERSED** and that this case is **REMANDED** under Sentence Four of 42 U.S.C. § 405(g) for reconsideration and further proceedings consistent with this opinion.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of March, 2022.